HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CURTIS PEDERSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>　　　　　Defendant. | CASE NO. 3:20-CV-05216-RBL<br><br>ORDER ON DEFENDANT NOVARTIS PHARMACEUTICALS CORPORATION'S MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT |

　　THIS MATTER is before the Court on Defendant Novartis Pharmaceuticals Corporation's Motion to Dismiss under Rule 12(b)(6) or, in the alternative, Motion for More Definite Statement under Rule 12(e). Dkt. # 10. Plaintiff Curtis Pederson sued Novartis for an injury he claims to have suffered after taking Novartis's medication Tasigna to treat his chronic myeloid leukemia. Pederson was diagnosed with leukemia in 2009 and took Tasigna from 2013 to 2016. He alleges that Tasigna caused him severe atherosclerotic-related side effects, including coronary artery disease, cerebellar strokes, and peripheral vascular disease. He asserts claims for strict liability – failure to warn and negligence against Novartis.

　　However, what Pederson does not allege is when he first experienced the injuries he seeks to recover for. This is the subject of Novartis's Motion. Novartis argues that Rule 12(b)(6),

ORDER ON DEFENDANT NOVARTIS
PHARMACEUTICALS CORPORATION'S
MOTION TO DISMISS OR FOR MORE DEFINITE
STATEMENT - 1

as interpreted by the Supreme Court, requires Pederson to plead facts related to Novartis's statute of limitations defense by identifying the date of his initial injury—specifically, his first stroke. Pederson responds that the Ninth Circuit has explicitly held that plaintiffs have no such obligation to address affirmative defenses in the complaint.

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The allegations must be "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990).

However, a plaintiff "is not required to plead on the subject of an anticipated affirmative defense." *United States v. McGee*, 993 F.2d 184, 187 (9th Cir. 1993); *see also Pennsylvania State Police v. Suders*, 542 U.S. 129, 152 (2004) (plaintiff has no "legal requirement" to plead around affirmative defenses). "Dismissal of claims as barred by the statute of limitations on a Rule 12(b)(6) motion is therefore appropriate only where it is apparent from the face of the complaint that an action will be time barred." *United States v. Sousa*, No. 18-CV-03265-EMC, 2018 WL 6219803, at *1 (N.D. Cal. Nov. 8, 2018) (quoting *Belluomini v. CitiGroup, Inc.*, No. CV 13-01743 CRB, 2013 WL 3855589, 2013 U.S. Dist. LEXIS 103882 (N.D. Cal. July 23,

2013)); *see also Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 974 (9th Cir. 2013).

The Court must follow this settled precedent, which means Pederson is not required to plead facts related to Novartis's statute of limitations defense. *See Hurd v. Novartis Pharm. Corp.*, No. 20-CV-262 JAP/GBW, 2020 WL 3101019, at *3-4 (D.N.M. June 11, 2020) (reaching same conclusion in lawsuit based on Tasigna side effects); *Tonge v. Novartis Pharm. Corp.*, No. 220CV168FTM38NPM, 2020 WL 3000681, at *2 (M.D. Fla. June 4, 2020) (same). Novartis identifies no case holding that the 12(b)(6) standard described in *Twombly* and *Iqbal* extends to affirmative defenses and overrules preexisting case law on the subject. Novartis argues that Pederson should not be allowed to preserve an untimely claim through artful pleading, but this issue would likely be difficult to resolve on a motion to dismiss even if Pederson had alleged that his strokes began around March 2015, as Novartis contends. *See, e.g., Stark v. Celotex Corp.*, 58 Wash. App. 940, 943 (1990) (holding, in a product liability action, that "[t]he point at which a plaintiff discovers or should have discovered that he or she is harmed and its cause is a question of fact for the jury to decide").

Aside from the statute of limitations issue, the Court is not convinced that Pederson must allege the date of his first injury to state a plausible claim. While a plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," this does not require a plaintiff to allege every date related to his claim. *See Iqbal*, 556 U.S. at 678. Novartis cites out-of-circuit cases requiring plaintiffs to allege specific dates related to their injuries, but these cases involve vaguer or more complex complaints and are unpersuasive here. *See Coleman v. H.C. Price Co.*, Civ. Action No. 11-2937, 2012 WL 1118775, at *3-4 (E.D. La. Apr. 3, 2012); *Slinski v. CSX Transp.*, No. 07-CV-10270-

ORDER ON DEFENDANT NOVARTIS
PHARMACEUTICALS CORPORATION'S
MOTION TO DISMISS OR FOR MORE DEFINITE
STATEMENT - 3

DT, 2007 WL 1377931, at *1 (E.D. Mich. May 8, 2007). Pederson does not allege the date of his first stroke, but he does identify the date he was diagnosed with leukemia, the period during which he took Tasigna, and the specific injuries he experienced because of the drug. He need not allege additional dates to state a plausible claim.[1]

Finally, Novartis is also not entitled to a more definite statement with respect to the date of Pederson's initial injury. Fed. R. Civ. P. 12(e) allows a party to move for a more definite statement if a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Novartis cites two more out-of-circuit cases in which the court required the plaintiff to clarify dates. *MasTec N. Am., Inc. v. Allegiance Commc'ns, LLC*, No. 06-02296-JWL, 2006 WL 3350712, at *3 (D. Kan. Nov. 17, 2006) (holding that date of contracting was necessary to more speedily address threshold issues, including statute of limitations); *Buchholtz v. Renard*, 188 F. Supp. 888, 892 (S.D.N.Y. 1960) (holding, without explanation, that defendants were entitled to know the dates of stock delivery in securities lawsuit). These cases are non-binding, out of context, and unpersuasive. Pederson's description of his claims is not vague enough to prevent a response so no more definite statement is required.

Novartis claims to possess medical records showing Pederson's first diagnosed cerebellar stroke occurred around March 2015. *See* Dkt. # 11, Ex. 1. If Novartis believes this is enough to prove that Pederson's claims are untimely, it may move for summary judgment on that basis.

---

[1] Indeed, Novartis does not contend that Pederson's Complaint is too vague or conclusory to state a plausible claim. Instead, Novartis's Motion focuses solely on the statute of limitations issue. But as the Court has already explained, Rule 12(b)(6) does not require a plaintiff to plead facts that overcome affirmative defenses. *See McGee*, 993 F.2d at 187.

ORDER ON DEFENDANT NOVARTIS
PHARMACEUTICALS CORPORATION'S
MOTION TO DISMISS OR FOR MORE DEFINITE
STATEMENT - 4

1  However, Pederson's Complaint is not deficient under Rule 12(b)(6) or (e) for failure to include
2  the date of his initial injury. The Motion is DENIED.
3       IT IS SO ORDERED.

5       Dated this 30th day of June, 2020.

                                                       _____
                                                       Ronald B. Leighton
                                                       United States District Judge

ORDER ON DEFENDANT NOVARTIS
PHARMACEUTICALS CORPORATION'S
MOTION TO DISMISS OR FOR MORE DEFINITE
STATEMENT - 5